FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 APR 13 PM 12: 40

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY FOSKEY AND JULIA FOSKEY * | CIVIL ACTION 09-3271 |
| VERSUS * | NUMBER: |
| HOLIDAY INN HOTELS AND * | SECTION: SECT. J MAG. 3 |
| RESORTS, INTERCONTINENTAL * | |
| HOTELS GROUP, SCOTTSDALE * | HONORABLE |
| INSURANCE COMPANY, UNKNOWN * | |
| MANUFACTURER, UNKNOWN * | MAGISTRATE JUDGE |
| SUPPLIER, UNKNOWN * | |
| DISTRIBUTOR, UNKNOWN * | |
| INSURANCE COMPANIES AND * | |
| UNKNOWN JOHN DOES * | |

### NOTICE OF REMOVAL

Scottsdale Insurance Company files this Notice of Removal of this cause from the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana. This removal is predicated upon the fact that plaintiffs have pled a violation of the Americans with Disabilities Act and therefore there is federal jurisdiction.

1. This case was commenced in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, with citation and plaintiffs' petition for damages setting forth the claim for relief upon which this action is based. Pursuant to 28

1

G:\DOCS\11000's\11300-11399\11369\Notice of Removal.USDC.sff.doc

Fee $350
___ Process_____
X   Dktd_____
___ CtRmDep_____
___ Doc. No._____

U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto.

2. This action is one of a civil nature for alleged personal injury.

3. On or about March 16, 2009, plaintiffs filed a Petition for Damages. In Paragraph X of the Petition plaintiffs pled a violation of the "Americans with Disabilities Act" which per 28 U.S.C. 1331 arises under federal law.

4. Plaintiffs named in their original Petition as defendants "Holiday Inn Hotels and Resorts", "Intercontinental Hotel Group", "Unknown Manufacturer", "Unknown Supplier", "Unknown Distributor", "Unknown Insurance Companies" and "Unknown John Does", in addition to Scottsdale Insurance Company.

5. Plaintiffs in their original Petition did not request service upon "Unknown Manufacturer", "Unknown Supplier", "Unknown Distributor", "Unknown Insurance Companies" and "Unknown John Does".

6. Defendant Scottsdale Insurance Company has not obtained the consent of "Unknown Manufacturer", "Unknown Supplier", "Unknown Distributor", "Unknown Insurance Companies" and "Unknown John Does" to remove this matter because "Unknown Manufacturer", "Unknown Supplier", "Unknown Distributor", "Unknown Insurance Companies" and "Unknown John Does" are nominal or fictitious parties and have not been served.

7. On or about March 23, 2009, "Holiday Inn Hotels and Resorts" was served with the original Petition for Damages through C.T. Corporation.

8. On or about March 23, 2009, "Intercontinental Hotels Group" was served with the original Petition for Damages through C.T. Corporation.

9. On or about March 27, 2009, Plaintiffs filed a First Amended Petition for Damages which stated "Petitioner's Petition is hereby amended to Holiday Inn Hotel and Resorts" (sic) and requested service upon "Holiday Inns, Inc."

10. Also, in the First Amended Petition For Damages "Petitioners ... amend[ed] their Petition to correctly identify Intercontinental Hotels Group as Intercontinental Hotels Group Resources, Inc." and requested service upon "Intercontinental Hotels Group Resources, Inc."

11. Plaintiffs in their First Amended Petition For Damages did not request service upon "Unknown Manufacturer", "Unknown Supplier", "Unknown Distributor", "Unknown Insurance Companies" and "Unknown John Does" to remove this matter as "Unknown Manufacturer", "Unknown Supplier", "Unknown Distributor", "Unknown Insurance Companies" and "Unknown John Does".

12. In the First Amended Petition For Damages petitioners also allege a violation of the Americans with Disabilities Act in Paragraph 10.

13. On April 1, 2009, counsel for plaintiffs advised on April 1, 2009 that the amended petition had not yet been served as the Clerk's office has requested that plaintiffs make some changes prior to issuing service.

14. On April 9, 2009, in response to the query "Please send contact info re other attorneys in case. Others been served yet?" counsel for plaintiffs advised that she "served CT Corp. They returned the service because the names were incorrect. I amended the Petition last week to correctly identify Holiday Inn and Intercontinental and requested that the Amended Petition be served. I do not know whether it has been served yet. I have not had contact with any other attorneys regarding this matter."

15. On Monday, April 13, 2009, at 9:55 o'clock a.m. the Jeffnet Service did not reflect service upon Intercontinental Hotels Group Resources, Inc. or Holiday Inns, Inc., nor the filing of any responsive pleadings on behalf of "Holiday Inn Hotels and Resorts", "Intercontinental Hotels Group", Intercontinental Hotels Group Resources, Inc. or Holiday Inns, Inc.

16. Upon information and belief, neither Intercontinental Hotels Group Resources, Inc. nor Holiday Inns, Inc. has been served with either of the Petitions as of the time of the filing of this Notice of Removal.

17. Defendant Scottsdale Insurance Company has not obtained the consent of "Holiday Inn Hotels and Resorts" nor "Intercontinental Hotels Group" to remove this matter because "Holiday Inn Hotels and Resorts" and "Intercontinental Hotels Group" are nominal, fictitious, fraudulently joined and/or wrongly named parties and/or have not been properly served.

18. Defendant Scottsdale Insurance Company has not obtained the consent of Intercontinental Hotels Group Resources, Inc. nor Holiday Inns, Inc. to remove this matter because Intercontinental Hotels Group Resources, Inc. nor Holiday Inns, Inc. have not been served.

19. Upon information and belief defendant Scottsdale Insurance Company asserts that neither the defendants Intercontinental Hotels Group Resources, Inc. nor Holiday Inns, Inc. actually received a copy of either of plaintiffs' petitions. See *Hughes Const. Co., Inc. v. Rheem Mfg. Co.*, N.D.Miss.1980, 487 F.Supp. 345, 347 fn 2; See, e. g., *Barber v. Willis*, 246 F.Supp. 814 (N.D.Ga.1965); 14 Wright, Miller & Cooper, Federal Practice & Procedure, Section 3732 at 723.

19. Upon information and belief defendant Scottsdale Insurance Company asserts that the plaintiffs cannot establish a cause of action against "Holiday Inn Hotels and Resorts" and "Intercontinental Hotels Group" in state court, because those are the

erroneously named original defendants, according to plaintiffs' pleadings. *See Milstead Supply Co. v. Casualty Ins. Co.*, 797 F.Supp. 569, 571 (W.D.Tex.1992).

20. Scottsdale Insurance Company removes this case as the only served defendant.

21. An unserved defendant need not be joined in a removal petition. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. at 347-48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir.1992); *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir.1993); *Asunto v. Shoup*, E.D.La.2000, 132 F.Supp.2d 445, *reconsideration denied* 2000 WL 1742055; *Courtney v. Benedetto*, M.D.La.1986, 627 F.Supp. 523, 526 fn 6; *Freidrich v. Whittaker Corp.*, 467 F.Supp. 1012 (S.D.Tex.1979); *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F.Supp. 569, 573 (W.D.Tex.1992); *Albonetti v. GAF Corporation-Chemical Group*, S.D.Tex.1981, 520 F.Supp. 825; *Wesley v. Mississippi Transp. Com'n*, S.D.Miss.1994, 857 F.Supp. 523; *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir.1994); *Wright v. Missouri Pacific RR.*, 98 F.2d 34, 35-36 (8th Cir.1938); *First National Bank of Chicago v. Mottola*, 302 F.Supp. 785, 788 (N.D.Ill.1969), aff'd, 465 F.2d 343 (7th Cir.1972); *Turner Broadcasting System, Inc. v. Sanyo Elec., Inc.*, N.D.Ga.1983, 33 B.R. 996, *affirmed* 742 F.2d 1465; *P.P. Farmers' Elevator Company v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d

546, 547-48 (7th Cir.1968); *Eltman v. Pioneer Communications of America, Inc.*, N.D.Ill.1993, 151 F.R.D. 311; *Nealy v. U.S. Healthcare HMO*, S.D.N.Y.1994, 844 F.Supp. 966; *Paz v. Bonita Tomato Growers, Inc.*, M.D.Fla.1996, 920 F.Supp. 174; *Williams v. Howard University*, 984 F.Supp. 27, 30 n. 5 (D.D.C.1997); *Kopff v. World Research Group, LLC*, D.D.C.2003, 298 F.Supp.2d 50; *Driscoll v. Burlington-Bristol Bridge Co.*, D.C.N.J.1949, 82 F.Supp. 975; *Ogletree v. Barnes*, 851 F.Supp. 184, 187 (E.D.Pa.1994); *Shaffer v. Northwestern Mut. Life Ins. Co.*, N.D.W.Va.2005, 394 F.Supp.2d 814; *DiCesare-Engler Productions, Inc. v. Mainman, Ltd.*, 421 F.Supp. 116 (W.D.Pa.1976); *Lewis v. Rego Co.*, C.A.3 (Pa.) 1985, 757 F.2d 66; *Nelson v. Peter Kiewit Sons' Co.*, D.C.N.J.1955, 130 F.Supp. 59; *DiCesare-Engler Productions, Inc. v. Mainman Ltd.*, W.D.Pa.1976, 421 F.Supp. 116.

22. Nominal or formal parties need not join in removal. *Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.1991), *cert. denied* 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991), (citing to *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir.1988)); *Ryan v. State Bd. of Elections of the State of Ill.*, 661 F.2d 1130, 1134 (7th Cir.1981); *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 n. 4 (E.D.Va.1992). Defendants identified as not the correct defendants

in the supplemental pleadings of plaintiff(s) need not join in removal. *Eltman v. Pioneer Communications of America, Inc.*, N.D.Ill.1993, 151 F.R.D. 311. Defendants against whom plaintiff(s) cannot establish a cause of action need not join the removal. *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F.Supp. 569, 571 (W.D.Tex.1992).

**Respectfully submitted,**

**UNGARINO & ECKERT L.L.C.**

/s/ MATTHEW J. UNGARINO
MATTHEW J. UNGARINO (#15061)
3850 North Causeway Boulevard
Suite 1280
Metairie, Louisiana 70002
Telephone: (504) 836-7565
Fax: (504) 836-7566
mungarino@ungarino-eckert.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by United States mail, properly addressed and first class postage prepaid, on April 13, 2009.

MATTHEW J. UNGARINO