UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY FOSKEY AND JULIA FOSKEY** | **CIVIL ACTION NO. 09-3271** |
| **VERSUS** | **JUDGE: CARL J. BARBIER** |
| **HOLIDAY INN HOTELS AND RESORTS, ET AL.** | **MAGISTRATE JUDGE DANIEL E. KNOWLES, III.** |

### SCOTTSDALE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PETITION FOR DAMAGES, FIRST AMENDED PETITION, AND SECOND AMENDED PETITION FILED BY PLAINTIFFS

**NOW INTO COURT**, through the undersigned counsel, comes Defendant, Scottsdale Insurance Company ("Scottsdale"), and respectfully submits the following Answer and Affirmative Defenses to the Petition For Damages ("Original Petition"), First Amended Petition for Damages ("First Amended Petition") and Second Amended Petition for Damages ("Second Amended Petition") filed by Plaintiffs, Julia and Terry Foskey ("the Foskeys" or "Plaintiffs") upon information and belief as follows.

### ANSWER TO THE ORIGINAL PETITION

1.

The allegations contained in the unnumbered paragraph preceding paragraph I of the Original Petition do not require a response. To the extent a response thereto is required, Scottsdale denies the allegations in the unnumbered paragraph preceding paragraph I of the

NO.99956530.1

Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

2.

Scottsdale denies the allegations contained in paragraph I of the Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

3.

Scottsdale admits that it is a foreign surplus lines insurer insuring certain risks in Louisiana.  Except as specifically admitted, Scottsdale denies the allegations contained in paragraph II of the Original Petition and its subparts (A-H) based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

4.

Scottsdale denies the allegations contained in paragraph III of the Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

5.

Scottsdale denies the allegations contained in paragraph IV and its subparts (A-E) of the Original Petition.

6.

Scottsdale denies the allegations contained in paragraph V and its subparts (A-H) of the Original Petition.

7.

The allegations contained in paragraph VI of the Original Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VI and its subparts (A-I) of the Original Petition.

8.

The allegations contained in paragraph VII of the Original Petition state legal conclusions; therefore, no response is required. To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VII of the Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

9.

The allegations contained in paragraph VIII of the Original Petition state legal conclusions; therefore, no response is required. To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VIII of the Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

10.

The allegations contained in paragraph IX of the Original Petition state legal conclusions; therefore, no response is required. To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph IX of the Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

11.

The allegations contained in paragraph X of the Original Petition state legal conclusions; therefore, no response is required. To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph X of the Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

12.

Scottsdale admits that it issued policy no. CPS08723986 to Bray & Gillespie XI, LLC d/b/a Holiday Inn Hotel.  Scottsdale further answers that the policy is a written document; the terms, conditions, limitations and exclusion of which speak for themselves.  Except as specifically admitted, Scottsdale denies the allegations contained in paragraph XI of the Original Petition.

13.

Scottsdale denies the allegations contained in paragraph XII of the Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

14.

The allegations contained in paragraph XIII of the Original Petition do not require a response.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph XIII of the Original Petition and its subparts (a-c).

15.

The allegations of the unnumbered prayer for relief following Paragraph XIII of the Original Petition state legal conclusions and, therefore, do not require a response.  To the extent this Honorable Court deems a response thereto is required, Scottsdale denies the allegations of the unnumbered prayer for relief following Paragraph XIII of the Original Petition.

**ANSWER TO THE FIRST AMENDED PETITION**

16.

The allegations contained in the unnumbered paragraph preceding paragraph I of the First Amended Petition do not require a response.  To the extent a response thereto is required, Scottsdale denies the allegations in the unnumbered paragraph preceding paragraph I of the

Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

17.

Scottsdale denies the allegations contained in paragraph I of the First Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

18.

Scottsdale admits that it is a foreign surplus lines insurer insuring certain risks in Louisiana. Except as specifically admitted, Scottsdale denies the allegations contained in paragraph II and its subparts (A-H) of the First Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

19.

Scottsdale denies the allegations contained in paragraph III of the First Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

20.

Scottsdale denies the allegations contained in paragraph IV and its subparts (A-E) of the First Amended Petition.

21.

Scottsdale denies the allegations contained in paragraph V and its subparts (A-H) of the First Amended Petition.

22.

The allegations contained in paragraph VI of the First Amended Petition state legal conclusions; therefore, no response is required. To the extent a response thereto is required,

Scottsdale denies the allegations contained in paragraph VI and its subparts (A-I) of the First Amended Petition.

23.

The allegations contained in paragraph VII of the First Amended Petition state legal conclusions; therefore, no response is required. To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VII of the First Amended Petition.

24.

The allegations contained in paragraph VIII of the First Amended Petition state legal conclusions; therefore, no response is required. To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VIII of the First Amended Petition.

25.

The allegations contained in paragraph IX of the First Amended Petition state legal conclusions; therefore, no response is required. To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph IX of the First Amended Petition.

26.

The allegations contained in paragraph X of the First Amended Petition state legal conclusions; therefore, no response is required. To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph X of the First Amended Petition.

27.

Scottsdale admits that it issued policy no. CPS08723986 to Bray & Gillespie XI, LLC d/b/a Holiday Inn Hotel. Scottsdale further answers that the policy is a written document; the terms, conditions, limitations and exclusion of which speak for themselves. Except as

specifically admitted, Scottsdale denies the allegations contained in paragraph XI of the First Amended Petition.

28.

Scottsdale denies the allegations contained in paragraph XII of the First Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

29.

The allegations contained in paragraph XIII of the First Amended Petition do not require a response.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph XIII of the First Amended Petition.  Scottsdale further answerS by asserting and re-asserting each and every defense Scottsdale asserted to the Original Petition as if fully set forth herein *in extenso*.

30.

The allegations contained in paragraph XIV of the First Amended Petition do not require a response.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph XIV of the First Amended Petition and its subparts (a-c).

31.

The allegations of the unnumbered prayer for relief following Paragraph XIV of the First Amended Petition state legal conclusions and, therefore, do not require a response.  To the extent this Honorable Court deems a response thereto is required, Scottsdale denies the allegations of the unnumbered prayer for relief following Paragraph XIV of the First Amended Petition.

## **ANSWER TO SECOND AMENDED PETITION**

32.

The allegations contained in the unnumbered paragraph preceding paragraph I of the Second Amended Petition do not require a response. To the extent a response thereto is required, Scottsdale denies the allegations in the unnumbered paragraph preceding paragraph I of the Second Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

33.

Scottsdale denies the allegations contained in paragraph I of the Second Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

34.

Scottsdale admits that it is a foreign surplus lines insurer insuring certain risks in Louisiana. Except as specifically admitted, Scottsdale denies the allegations contained in paragraph II and its subparts (A-I) of the Second Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

35.

Scottsdale denies the allegations contained in paragraph III of the Second Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

36.

Scottsdale denies the allegations contained in paragraph IV and its subparts (A-E) of the Second Amended Petition.

37.

Scottsdale denies the allegations contained in paragraph V and its subparts (A-H) of the Second Amended Petition.

38.

The allegations contained in paragraph VI of the Second Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VI and its subparts (A-I) of the Second Amended Petition.

39.

The allegations contained in paragraph VII of the Second Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VII of the Second Amended Petition.

40.

The allegations contained in paragraph VIII of the Second Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VIII of the Second Amended Petition.

41.

The allegations contained in paragraph IX of the Second Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph IX of the Second Amended Petition.

42.

The allegations contained in paragraph X of the Second Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph X of the Second Amended Petition.

43.

Scottsdale admits that it issued policy no. CPS08723986 to Bray & Gillespie XI, LLC d/b/a Holiday Inn Hotel.  Scottsdale further answers that the policy is a written document, the terms, conditions, limitations and exclusions of which speak for themselves.  Except as specifically admitted, Scottsdale denies the allegations contained in paragraph XI of the Second Amended Petition.

44.

The allegations contained in paragraph XII of the Second Amended Petition do not require a response.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph XII of the Second Amended Petition.

45.

The allegations contained in paragraph XIII of the Second Amended Petition do not require a response.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph XIII of the Second Amended Petition.  Scottsdale further answerS by asserting and re-asserting each and every defense Scottsdale asserted to the Original and First Amended Petitions as if fully set forth herein *in extenso*.

46.

The allegations contained in paragraph XIV of the Second Amended Petition do not require a response.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph XIV of the Second Amended Petition and its subparts (a-c).

47.

The allegations of the unnumbered prayer for relief following Paragraph XIV of the Second Amended Petition state legal conclusions and, therefore, do not require a response.  To the extent this Honorable Court deems a response thereto is required, Scottsdale denies the allegations of the unnumbered prayer for relief following Paragraph XIV of the Second Amended Petition.

## AFFIRMATIVE DEFENSES

**AND NOW, FURTHER ANSWERING**, Scottsdale asserts the following affirmative defenses to the Original Petition, First Amended Petition, and Second Amended Petition.  By raising these defenses, Scottsdale does not concede that it has the burden of proof as to any such defense.  Scottsdale reserves the right to supplement, amend, or add affirmative defenses as may be proper based on the pleadings filed and discovery taken in this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Original Petition, First Amended Petition, and Second Amended Petition fail to state a cause(s) of action against Scottsdale upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' action is or may be barred by the Louisiana law of liberative prescription or such other statute of limitations as may apply to this action.

### THIRD AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited to the extent that Plaintiffs' allegations do not constitute "bodily injury" or "property damage" caused by an "occurrence" during the policy period of any policy issued by Scottsdale.

### FOURTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited by the application of the Contractual Liability Exclusion in any policy issued by Scottsdale.

### FIFTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred to the extent Plaintiffs' claims do not involve an insured or additional insured under any policy issued by Scottsdale.

### SIXTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited based on the application of the Expected or Intended Injury exclusion in any policy issued by Scottsdale.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Scottsdale has any liability under any policy it issued, which Scottsdale specifically denies, such liability is subject to the limitations of liability contained in any policy issued by Scottsdale.

### EIGHTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited based on the Other Insurance and/or Method of Sharing provision(s) in any policy issued by Scottsdale.

### NINTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited to the extent the conditions of the Supplementing Payments provision in any policy issued by Scottsdale have not and/or cannot be satisfied.

### TENTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited to the extent the terms of any Additional Insured, Designated Person or Organization endorsement in any policy issued by Scottsdale are not satisfied.

### ELEVENTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited based on the application of the Limitation of Coverage to Designated Premises or Project endorsement in any policy issued by Scottsdale.

### TWELFTH AFFIRMATIVE DEFENSE

Scottsdale specifically pleads the warranties, terms, definitions, provisions, conditions, exclusions, and limitations of any insurance policy it issued as if such were set forth in full herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, should be reduced to the extent they failed to minimize, mitigate or avoid any alleged or actual liability or damage.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Original Petition, First Amended Petition, and Second Amended Petition do not describe the underlying action with sufficient particularity to enable Scottsdale to determine

all defenses, which may ultimately exist to Plaintiffs' claim(s). Scottsdale therefore reserves the right to assert additional defenses which may later be discovered to be applicable.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully responded to Plaintiffs' Original Petition, First Amended Petition, and Second Amended Petition, and having stated its affirmative defenses, Scottsdale prays that a judgment be entered against Plaintiffs:

1. Denying all relief requested by Plaintiffs and dismissing Plaintiffs' Original Petition, First Amended Petition, and Second Amended Petition in its entirety, with prejudice;

2. Declaring that Scottsdale has no obligation to pay Plaintiffs and/or reimburse them for any fees, expenses or costs allegedly incurred in connection with this lawsuit, and that Scottsdale has no other duties, obligations or liabilities to Plaintiffs in connection with this matter;

3. Declaring that to the extent that Scottsdale has any obligation to Plaintiffs, such duty is limited by and subject to the terms, definitions, provisions, conditions, exclusions, and limitations contained in or incorporated into any policy(ies) issued by Scottsdale to Bray & Gillespie XI, LLC d/b/a Holiday Inn Westbank;

4. Awarding Scottsdale reasonable costs, expenses and attorney's fees permitted by law and such other relief as the Court deems just and proper; and

5. Scottsdale demands a trial by jury on all issues so triable.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Pablo Gonzalez*
Jay Russell Sever, (Bar #23935)
Christopher R. Teske (Bar #27106)
Pablo Gonzalez, (Bar #29215)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: severj@phelps.com
teskec@phelps.com
pablo.gonzalez@phelps.com

**ATTORNEYS FOR DEFENDANT,
SCOTTSDALE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 6, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notify of electronic filing to the following: Judy Ann Pace, Matthew J. Ungarino, Jay Russell Sever, Christopher R. Teske, Pablo Gonzalez, Godfrey Bruce Parkerson and Matthew Armin Moeller.

*/s/ Pablo Gonzalez*
Pablo Gonzalez
Louisiana Bar No.: 29215
Attorney for Scottsdale Insurance Company
Phelps Dunbar LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: pablo.gonzalez@phelps.com