## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRY FOSKEY AND JULIA FOSKEY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 09-3271** |
| | * | |
| **HOLIDAY INN HOTELS AND** | * | **SECTION: "J" (3)** |
| **RESORTS, INTERCONTINENTAL** | * | |
| **HOTELS GROUP, SCOTTSDALE** | * | **HONORABLE CARL J. BARBIER** |
| **INSURANCE COMPANY, UNKNOWN** | * | |
| **MANUFACTURER, UNKNOWN** | * | **MAG. JUDGE DANIEL KNOWLES** |
| **SUPPLIER, UNKNOWN** | * | |
| **DISTRIBUTOR, UNKNOWN** | * | |
| **INSURANCE COMPANIES AND** | * | |
| **UNKNOWN JOHN DOES** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)4/12(B)5

**MAY IT PLEASE THE COURT:**

Defendant, Ocean Waters Louisiana Co., LLC, hereafter "Ocean Waters", appears for the sole purpose of replying to Plaintiffs' Memorandum in Support of Opposition to Dismissal as follows:

Ocean Waters filed Motion to Dismiss Pursuant to Rule 12(B)4/12(B)5 because Bray and Gillespie XI, LLC, changed its name and agent for service of process on July 15, 2009, seven days before Plaintiffs attempted to serve Bray & Gillespie XI, LLC, through its prior agent for service of process.[1]

---

[1] Defendant, Ocean Waters, erroneously stated: "June" 22, 2009 as the date of service in its original Memorandum in Support of Motion to Dismiss Pursuant to Rule 12(B)4/12(B)5, however, the attached proof of service is clearly

In Plaintiffs' Memorandum in Support of Opposition to Dismissal, Plaintiffs state that "Plaintiffs have requested that Defendants consent to the filing of a Third Amended Complaint to add Ocean Waters as a defendant. Plaintiffs have not received a response to the named Defendants to this request." However, since the filing of Plaintiffs' Memorandum in Support of Opposition to Dismissal, defendant Bray & Gillespie XI, LLC consented, and Plaintiffs filed Plaintiffs' Motion for Leave to File Third Amended Complaint which adds as a defendant, Ocean Waters Louisiana, LLC, adopts the allegations of the Motion to Dismiss Pursuant to Rule 12(B)4/12(B)5, and acknowledges that "Defendant, Bray & Gillespie, has advised Plaintiffs it has no objection to Motion for Leave to File Third Amended Complaint." *See* Document 32, Plaintiffs Motion for Leave to File Third Amended Complaint, Paragraphs II, III, and V.

Plaintiffs further argue in Plaintiffs' Memorandum in Support of Opposition to Dismissal that "Bray & Gillespie was properly served." However, as evidenced by the Exhibits attached to the Motion to Dismiss Pursuant to Rule 12(B)4/12(B)5, Bray & Gillespie simply was not properly served as prior to the attempted service Bray & Gillespie changed names and agent for service for process. Plaintiffs further argue in Plaintiffs' Memorandum in Support of Opposition to Dismissal that Bray & Gillespie "was a corporation authorized to do business in Louisiana and doing business in Louisiana when the Plaintiff was injured." This allegation is simply irrelevant to whether service was proper. Even if Bray & Gillespie may previously have been the proper entity to be sued, and its prior agent for service of process may have been the proper agent for

---

dated July 22, 2009. See Exhibit B to Memorandum in Support of Motion to Dismiss Pursuant to Rule12(B)4/12(B)5.

G:\DOCS\11000's\11300-11399\11369\Reply.MmoSupport12(b)4.lrr,2.doc

service, Bray & Gillespie was not the proper entity, and the agent for service served was not the proper agent at the time of the actual attempted service by Plaintiffs.

Plaintiffs further argue in Plaintiffs' Memorandum in Support of Opposition to Dismissal that "Bray & Gillespie" has submitted no evidence and made no arguments whether Ocean Waters assuming liabilities of Bray & Gillespie." Again, this is irrelevant as to whether service was properly executed.

Service was not properly executed upon Bray & Gillespie XI, and Bray & Gillespie has not inhibited Plaintiffs from attempting service upon Ocean Waters. The Motion to Dismiss Pursuant to Rule 12(B)4/12(B)5 should be granted.

**Respectfully submitted,**

**UNGARINO & ECKERT L.L.C.**

  */s/     Stephen M. Gelé*
**MATTHEW J. UNGARINO (*#15061*)**
**STEPHEN M. GELÉ #22385)**
**Suite 1280 Lakeway Two**
**3850 North Causeway Boulevard**
**Metairie, Louisiana  70002**
**Telephone:   *(504) 836-7537***
**Fax:             (504) 836-7538**
E-mail:  sgele@ungarino-eckert.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2009, I served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid, OR by electronic means if said attorney is a CM/ECF participant, as may be appropriate.

  */s/  Stephen M. Gelé*
Stephen M. Gelé

G:\DOCS\11000's\11300-11399\11369\Reply.MmoSupport12(b)4.lrr,2.doc