# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRY FOSKEY and JULIA FOSKEY | * | CIVIL ACTION NO. 09-3271 |
| VERSUS | * | SECTION "J" |
| HOLIDAY INN HOTELS AND RESORTS, INTERCONTINENTAL HOTELS GROUP, SCOTTSDALE INSURANCE COMPANY, UNKNOWN MANUFACTURER, UNKNOWN SUPPLIER, UNKNOWN DISTRIBUTOR, UNKNOWN INSURANCE COMPANIES, and UNKNOWN JOHN DOES | * | MAGISTRATE "3" |

*********************************************

## THIRD AMENDED PETITION FOR DAMAGES
## JURY TRIAL REQUESTED

The Third Amended Petition of Terry Foskey and Julia Foskey ("Petitioners") persons of the full age of majority and residents of the State of Mississippi, County of Harrison, respectfully represent that:

I.

The incident forming the basis of this action occurred in Jefferson Parish, Louisiana and venue is proper pursuant to the Louisiana Code of Civil Procedure.

II.

The status and residency of the Defendants named herein are as follows:

1

A. Petitioners hereby amend their Petition to add as a Defendant, Ocean Waters Louisiana Co, LLC, which is believed to be a foreign Florida corporation that is doing business in the State of Louisiana.

B. Defendant, Bray & Gillespie, XI, LLC, is believed to be a foreign corporation that is authorized to do business in the State of Louisiana but which currently is not in good standing with the Louisiana Secretary of State.

C. Defendant, Holiday Inns, Inc., is believed to be a foreign corporation, which was and is authorized to do business in the State of Louisiana and which was doing business in the State of Louisiana and the Parish of Jefferson at the time of this incident.

D. Defendant, Intercontinental Hotels Group Resources, Inc., is believed to be a foreign corporation, which was and is authorized to do business in the State of Louisiana and which was doing business in the State of Louisiana and the Parish of Jefferson at the time of this incident.

E. Scottsdale Insurance is believed to be a foreign insurer, which was and is authorized to do business in the State of Louisiana and which was doing business in the State of Louisiana and the Parish of Jefferson at the time of this incident.

F. Unknown Manufacturer is believed to be a foreign manufacturer of shower seats and shower supports, which was and is authorized to do business in the State of Louisiana and which was doing business in the State of Louisiana and the Parish of Jefferson at the time of this incident.

G. Unknown Supplier is believed to be a foreign supplier of shower seats and shower supports to hotels, which was and is authorized to do business in the State of Louisiana and which was doing business in the State of Louisiana and the Parish of Jefferson at the time of this incident.

H. Unknown Distributor is believed to be a foreign distributor of shower seats and shower supports to hotels, which was and is authorized to do business in the State of Louisiana and which was doing business in the State of Louisiana and the Parish of Jefferson at the time of this incident.

I. Unknown Insurance Companies are believed to be foreign insurers, which were and are authorized to do business in the State of Louisiana and which was doing business in the State of Louisiana and the Parish of Jefferson at the time of this incident and which issued insurance to Unknown Manufacturer, Unknown Supplier, Unknown Distributor, and Ocean Waters Louisiana Co, LLC

J. Unknown John Does are employees and servants of the known and Unknown Defendants, who installed, repaired and maintained the shower seats and shower supports in question in this action.

III.

On or about April 1, 2008, Petitioner was seated on a wall mounted shower seat and taking a shower in Room 108 of the Holiday Inn Westbank at 100 Westbank Expressway, Gretna, Louisiana when the shower seat, on which he was sitting, fell and collapsed.

IV.

As a result of the accident in question, Petitioner suffered the following severe, non-exclusive damages:

A. Past, present and future medical expenses;

B. Past, present and future physical pain and suffering;

C. Past, present and future mental pain and anguish;

D. Past, present and future loss of wages; and

E. Any and all other elements of damages, which may be proven at the trial of this matter.

V.

As of result of the accident in question, Petitioner's spouse, JULIA FOSKEY, suffered the following non-exclusive damages:

A. Past, present and future loss of society and companionship;

B. Past, present and future mental pain and anguish;

C. Past, present, and future loss of financial support;

D.  Past, present and future loss of service;

E.  Past, present and future loss of aid and assistance;

F.  Past, present and future loss of fidelity;

G.  Past, present and future loss of love and affection; and

H.  Past, present and future loss of sexual relations.

VI.

Petitioner avers that the accident in question was caused through no fault of Petitioner, but that the said accident was caused solely and proximately as a result of the negligence and/or fault of the Defendants in the following non-exclusive respects:

A.  negligent supervision and training in the installation and maintenance of shower seats and supports;

B.  failure to properly supervise and train in the installation and maintenance of shower seats and supports;

C.  negligent installation and maintenance of shower seats and supports;

D.  failure to properly install and maintain shower sets and supports;

E.  failing to act as a reasonable and prudent person;

F.  breaching a duty owed to customers dependent on shower seats and supports;

G.  breaching a duty owed to customers to properly install and maintain shower seats and supports;

H.  failure to properly inspect the shower seats and shower supports; and

I.  any and all other acts and/or omissions constituting negligence and/or fault on the part of the known and unknown Defendant and which may be proven at the trial in this matter.

VII.

Petitioner further avers that Defendants breached their duty to Petitioner to exercise reasonable and ordinary care in maintaining their premises in a reasonably safe and suitable condition.

VIII.

Petitioner further avers that Defendants breached their contractual duty to provide Petitioner with a hotel room and hotel facilities that were reasonably safe and suitable for their intended purpose.

IX.

All Defendants are liable and strictly liable to Petitioner pursuant to Louisiana Civil Code Articles 2317 and 2320 for the damages occasioned by their servants and employees.

X.

Petitioner further avers that Defendants are liable for their breach of and violation of Louisiana Revised Statute 40:1731 et seq. titled Equal Access to Governmental and Public Facilities for Physically Handicapped and the Americans with Disabilities Act.

XI.

At all times material and pertinent hereto, there existed a contract of liability insurance between the Defendants, Holiday Inns, Inc. and Intercontinental Hotels Group Resources, Inc., and the Defendant, Scottsdale Insurance, such that Scottsdale Insurance agreed to pay for and on behalf of Petitioners and to provide full recovery for any and all damages suffered and as are alleged herein by Petitioners as a result of the fault and/or negligence of the Defendants, Holiday Inns, Inc. and Intercontinental Hotels Group Resources, Inc., pursuant to the liability provisions of the Defendant's policy.

XII.

At all times material and pertinent hereto, there existed a contract of liability insurance between the Defendants, Unknown Manufacturer, Unknown Supplier, Unknown Distributor and Ocean Waters Louisiana

Co, LLC, and the Defendant, Unknown Insurance Companies, such that Unknown Insurance Companies agrees to pay for and on behalf of the Unknown Defendants and Ocean Waters Louisiana Co., LLC, any and all damages suffered and as are alleged herein by Petitioners as a result of the fault and/or negligence of the Defendants pursuant to the provisions of the policy issued by Unknown Insurance Company to Ocean Waters Louisiana Co., LLC and the Unknown Defendants identified in this paragraph.

XIII.

Plaintiff alleges and re-alleges each and every Paragraph contained in the original Petition, which was field on March 16, 2009; and the First Amended Petition, which was filed on March 27, 2009; and the Second Amended Petition, which was filed on June 23, 2009, and which are attached hereto as Exhibits "A", "B", and "C" with the same force and effect as if fully set forth herein

XIV.

Plaintiff desires to have this case tried by a jury. Plaintiff is presently undergoing treatment for his injuries but anticipates that his claim will exceed the requisite amount for trial by jury. Plaintiff will deposit with the clerk the jury costs provided by statute, and to furnish the bond required by law to cover the additional cost and compensation to be paid to the jury.

WHEREFORE, Petitioners pray that this Honorable Court allow a copy of the above and foregoing Amended Petition be served upon the Defendants and that said Defendants be duly cited to appear and answer same, and that after due proceedings be had, and after all legal delays, there be judgment herein in favor of Petitioners and against Defendants, jointly, severally, and in solido, with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings.

RESPECTFULLY SUBMITTED, this the 18th day of September 2009.

_s/ Judy A. Pace_____

JUDY A. PACE
Louisiana Bar No. 28182
Attorney for Plaintiffs
700 Camp Street
New Orleans, LA  70130
Telephone:     (504) 528-9500
Facsimile:     (208) 275-4701
japnola@bellsouth.net