### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY FOSKEY AND JULIA FOSKEY** | **CIVIL ACTION NO. 09-3271** |
| **VERSUS** | **JUDGE: CARL J. BARBIER** |
| **HOLIDAY INN HOTELS AND RESORTS, ET AL.** | **MAGISTRATE JUDGE DANIEL E. KNOWLES, III.** |

### SCOTTSDALE INSURANCE COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES TO THE
### ORIGINAL, FIRST,  SECOND, THIRD, AND FOURTH
### <u>AMENDED PETITIONS FILED BY PLAINTIFFS</u>

**NOW INTO COURT**, through the undersigned counsel, comes Defendant, Scottsdale

Insurance Company ("Scottsdale"), and respectfully submits the following Answer and

Affirmative Defenses to the Petition For Damages Jury Trial Requested ("Original Petition"),

First Amended Petition for Damages Jury Trial Requested ("First Amended Petition"), Second

Amended Petition for Damages Jury Trial Requested ("Second Amended Petition"), Third

Amended Petition for Damages Jury Trial Requested ("Third Amended Petition") and Fourth

Amended Petition for Damages Jury Trial Requested ("Fourth Amended Petition") filed by

Plaintiffs, Julia and Terry Foskey ("the Foskeys" or "Plaintiffs") upon information and belief as

follows.

## ANSWER TO THE ORIGINAL PETITION

The allegations contained in the unnumbered paragraph preceding paragraph I of the Original Petition do not require a response.  To the extent a response thereto is required, Scottsdale denies the allegations in the unnumbered paragraph preceding paragraph I of the Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

1.

Scottsdale denies the allegations contained in paragraph I of the Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

2.

Scottsdale admits that it is a foreign surplus lines insurer insuring certain risks in Louisiana.  Except as specifically admitted, Scottsdale denies the allegations contained in paragraph II of the Original Petition, and its subparts (A-H), based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

3.

Scottsdale denies the allegations contained in paragraph III of the Original Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

4.

The allegations contained in paragraph IV of the Original Petition, and its subparts (A-E), state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph IV of the Original Petition, and its subparts (A-E).

5.

The allegations contained in paragraph V of the Original Petition, and its subparts (A-H) state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph V of the Original Petition and its subparts (A-H).

6.

The allegations contained in paragraph VI of the Original Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VI of the Original Petition, and its subparts (A-I).

7.

The allegations contained in paragraph VII of the Original Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VII of the Original Petition.

8.

The allegations contained in paragraph VIII of the Original Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VIII of the Original Petition.

9.

The allegations contained in paragraph IX of the Original Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph IX of the Original Petition.

10.

The allegations contained in paragraph X of the Original Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph X of the Original Petition.

11.

Scottsdale admits that it issued policy no. CPS08723986 to Bray & Gillespie XI, LLC d/b/a Holiday Inn Hotel.  Scottsdale further answers that the policy is a written document; the terms, conditions, limitations and exclusion of which speak for themselves.  Except as specifically admitted, Scottsdale denies the allegations contained in paragraph XI of the Original Petition.

12.

Scottsdale denies the allegations contained in paragraph XII of the Original Petition.

13.

The allegations contained in paragraph XIII of the Original Petition do not require a response.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph XIII of the Original Petition.

The allegations of the unnumbered prayer(s) for relief following Paragraph XIII of the Original Petition, and its subparts (A-C), state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations of the unnumbered prayer for relief following Paragraph XIII of the Original Petition, and its subparts (A-C).

## ANSWER TO THE FIRST AMENDED PETITION

The allegations contained in the unnumbered paragraph preceding paragraph I of the First Amended Petition do not require a response.  To the extent a response is required, Scottsdale denies the allegations in the unnumbered paragraph preceding paragraph I of the First Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

14.

Scottsdale denies the allegations contained in paragraph I of the First Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

15.

Scottsdale admits that it is a foreign surplus lines insurer insuring certain risks in Louisiana.  Except as specifically admitted, Scottsdale denies the allegations contained in paragraph II of the First Amended Petition, and its subparts (A-H), based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

16.

Scottsdale denies the allegations contained in paragraph III of the First Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

17.

The allegations contained in paragraph IV of the First Amended Petition, and its subparts (A-E) state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph IV of the First Amended Petition and its subparts (A-E).

18.

The allegations contained in paragraph V of the First Amended Petition, and its subparts (A-H) state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph V of the First Amended Petition, and its subparts (A-H).

19.

The allegations contained in paragraph VI of the First Amended Petition, and its subparts (A-I),  state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VI of the First Amended Petition, and its subparts (A-I).

20.

The allegations contained in paragraph VII of the First Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VII of the First Amended Petition.

21.

The allegations contained in paragraph VIII of the First Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VIII of the First Amended Petition.

22.

The allegations contained in paragraph IX of the First Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph IX of the First Amended Petition.

23.

The allegations contained in paragraph X of the First Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph X of the First Amended Petition.

24.

Scottsdale admits that it issued policy no. CPS08723986 to Bray & Gillespie XI, LLC d/b/a Holiday Inn Hotel.  Scottsdale further answers that the policy is a written document; the terms, conditions, limitations and exclusion of which speak for themselves.   Except as specifically admitted, Scottsdale denies the allegations contained in paragraph XI of the First Amended Petition.

25.

Scottsdale denies the allegations contained in paragraph XII of the First Amended Petition.

26.

The allegations contained in paragraph XIII of the First Amended Petition do not require a response.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph XIII of the First Amended Petition.  Scottsdale further answers by asserting and re-asserting each and every defense Scottsdale made to the Original Petition as if fully set forth herein *in extenso*.

27.

The allegations contained in paragraph XIV of the First Amended Petition do not require a response.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph XIV of the First Amended Petition.

The allegations of the unnumbered prayer(s) for relief following Paragraph XIV of the First Amended Petition, and its subparts (A-C) state legal conclusions; therefore, no response is required.   To the extent a response is required, Scottsdale denies the allegations of the unnumbered prayer for relief following Paragraph XIV of the First Amended Petition, and its subparts (A-C).

## ANSWER TO SECOND AMENDED PETITION

The allegations contained in the unnumbered paragraph preceding paragraph I of the Second Amended Petition do not require a response.   To the extent a response is required, Scottsdale denies the allegations in the unnumbered paragraph preceding paragraph I of the Second Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

### 28.

Scottsdale denies the allegations contained in paragraph I of the Second Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

### 29.

Scottsdale admits that it is a foreign surplus lines insurer insuring certain risks in Louisiana.   Except as specifically admitted, Scottsdale denies the allegations contained in paragraph II of the Second Amended Petition, and its subparts (A-I), based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

30.

Scottsdale denies the allegations contained in paragraph III of the Second Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

31.

The allegations contained in paragraph IV of the Second Amended Petition, and its subparts A-E), state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph IV of the Second Amended Petition, and its subparts (A-E).

32.

The allegations contained in paragraph V of the Second Amended Petition, and its subparts, state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph V of the Second Amended Petition, and its subparts (A-H).

33.

The allegations contained in paragraph VI of the Second Amended Petition, and its subparts (A-I), state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VI of the Second Amended Petition, and its subparts (A-I).

34.

The allegations contained in paragraph VII of the Second Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VII of the Second Amended Petition.

35.

The allegations contained in paragraph VIII of the Second Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VIII of the Second Amended Petition.

36.

The allegations contained in paragraph IX of the Second Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph IX of the Second Amended Petition.

37.

The allegations contained in paragraph X of the Second Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph X of the Second Amended Petition.

38.

Scottsdale admits that it issued policy no. CPS08723986 to Bray & Gillespie XI, LLC d/b/a Holiday Inn Hotel.  Scottsdale further answers that the policy is a written document, the terms, conditions, limitations and exclusions of which speak for themselves.  Except as specifically admitted, Scottsdale denies the allegations contained in paragraph XI of the Second Amended Petition.

39.

Scottsdale denies the allegations contained in paragraph XII of the Second Amended Petition.

40.

The allegations contained in paragraph XIII of the Second Amended Petition do not require a response.   To the extent a response is required, Scottsdale denies the allegations contained in paragraph XIII of the Second Amended Petition.  Scottsdale further answers by asserting and re-asserting each and every defense Scottsdale made to the Original and First Amended Petitions as if fully set forth herein *in extenso*.

41.

The allegations contained in paragraph XIV of the Second Amended Petition do not require a response.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph XIV of the Second Amended Petition.

The allegations of the unnumbered prayer for relief following Paragraph XIV of the Second Amended Petition, and its subparts (A-C), state legal conclusions; therefore, no response is required.   To the extent a response is required, Scottsdale denies the allegations of the unnumbered prayer for relief following Paragraph XIV of the Second Amended Petition, and its subparts (A-C).

## ANSWER TO THIRD AMENDED PETITION

The allegations contained in the unnumbered paragraph preceding paragraph I of the Third Amended Petition do not require a response.   To the extent a response is required, Scottsdale denies the allegations in the unnumbered paragraph preceding paragraph I of the Third Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

11

42.

Scottsdale denies the allegations contained in paragraph I of the Third Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

43.

Scottsdale admits that it is a foreign surplus lines insurer insuring certain risks in Louisiana.   Except as specifically admitted, Scottsdale denies the allegations contained in paragraph II of the Third Amended Petition, and its subparts (A-J), based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

44.

Scottsdale denies the allegations contained in paragraph III of the Third Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

45.

The allegations contained in paragraph IV of the Third Amended Petition, and its subparts (A-E), state legal conclusions; therefore, no response is required.   To the extent a response is required, Scottsdale denies the allegations contained in paragraph IV of the Third Amended Petition, and its subparts (A-E).

46.

The allegations contained in paragraph V of the Third Amended Petition, and its subparts (A-H) state legal conclusions; therefore, no response is required.   To the extent a response is required, Scottsdale denies the allegations contained in paragraph V of the Third Amended Petition, and its subparts (A-H).

12

47.

The allegations contained in paragraph VI of the Third Amended Petition, and its subparts (A-I), state legal conclusions; therefore, no response is required.   To the extent a response is required, Scottsdale denies the allegations contained in paragraph VI of the Third Amended Petition, and its subparts (A-I).

48.

The allegations contained in paragraph VII of the Third Amended Petition state legal conclusions; therefore, no response is required.   To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VII of the Third Amended Petition.

49.

The allegations contained in paragraph VIII of the Third Amended Petition state legal conclusions; therefore, no response is required.   To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph VIII of the Third Amended Petition.

50.

The allegations contained in paragraph IX of the Third Amended Petition state legal conclusions; therefore, no response is required.   To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph IX of the Third Amended Petition.

51.

The allegations contained in paragraph X of the Third Amended Petition state legal conclusions; therefore, no response is required.   To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph X of the Third Amended Petition.

52.

Scottsdale admits that it issued policy no. CPS08723986 to Bray & Gillespie, XI, LLC d/b/a Holiday Inn Hotel.  Scottsdale further answers that the policy is a written document; the terms, conditions, limitations and exclusion of which speak for themselves.  Except as specifically admitted, Scottsdale denies the allegations contained in paragraph XI of the Third Amended Petition

53.

Scottsdale denies the allegations contained in paragraph XII of the Third Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

54.

The allegations contained in paragraph XIII of the Third Amended Petition do not require a response.  To the extent a response thereto is required, Scottsdale denies the allegations contained in paragraph XIII of the Third Amended Petition.  Scottsdale further answers by asserting and re-asserting each and every defense Scottsdale asserted to the Original, First Amended, and Second Amended Petitions as if fully set forth herein *in extenso*.

55.

The allegations contained in paragraph XIV of the Third Amended Petition do not require a response.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph XIV of the Third Amended Petition.

The allegations of the unnumbered prayer for relief following paragraph XIV of the Third Amended Petition state legal conclusions and, therefore, do not require a response.  To the extent

this Honorable Court deems a response thereto is required, Scottsdale denies the allegations of the unnumbered prayer for relief following paragraph XIV of the Third Amended Petition.

## ANSWER TO FOURTH AMENDED PETITION

The allegations contained in the unnumbered paragraph preceding paragraph I of the Fourth Amended Petition do not require a response.   To the extent a response is required, Scottsdale denies the allegations in the unnumbered paragraph preceding paragraph I of the Fourth Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

56.

Scottsdale denies the allegations contained in paragraph I of the Fourth Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

57.

Scottsdale admits that it is a foreign surplus lines insurer insuring certain risks in Louisiana.   Except as specifically admitted, Scottsdale denies the allegations contained in paragraph II of the Fourth Amended Petition, and its subparts (A-O), based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

58.

Scottsdale denies the allegations contained in paragraph III of the Fourth Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

59.

The allegations contained in paragraph IV of the Fourth Amended Petition, and its subparts (A-E), state legal conclusions; therefore, no response is required.   To the extent a

response is required, Scottsdale denies the allegations contained in paragraph IV of the Fourth Amended Petition, and its subparts (A-E).

60.

The allegations contained in paragraph V of the Fourth Amended Petition, and its subparts (A-H), state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph V of the Fourth Amended Petition, and its subparts (A-H).

61.

The allegations contained in paragraph VI of the Fourth Amended Petition, and its subparts (A-I), state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph VI of the Fourth Amended Petition and its subparts (A-I).

62.

The allegations contained in paragraph VII of the Fourth Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph VII of the Fourth Amended Petition.

63.

The allegations contained in paragraph VIII of the Fourth Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph VIII of the Fourth Amended Petition.

64.

The allegations contained in paragraph IX of the Fourth Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale

denies the allegations contained in paragraph IX of the Fourth Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

65.

The allegations contained in paragraph X of the Fourth Amended Petition state legal conclusions; therefore, no response is required.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph X of the Fourth Amended Petition based on the lack of knowledge or information sufficient to justify a belief in the truth thereof.

66.

Scottsdale admits that it issued policy no. CPS08723986 to Bray & Gillespie XI, LLC d/b/a Holiday Inn Hotel.  Scottsdale further answers that the policy is a written document; the terms, conditions, limitations and exclusion of which speak for themselves.   Except as specifically admitted, Scottsdale denies the allegations contained in paragraph XI  of the Fourth Amended Petition.

67.

Scottsdale denies the allegations contained in paragraph XII of the Fourth Amended Petition.

68.

Scottsdale denies the allegations contained in paragraph XIII of the Fourth Amended Petition.

69.

The allegations contained in paragraph XIV of the Fourth Amended Petition do not require a response.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph XIV of the Fourth Amended Petition.  Scottsdale further answers by

asserting and re-asserting each and every defense Scottsdale made to the Original Petition as if fully set forth herein *in extenso*.

70.

The allegations contained in paragraph XV of the Fourth Amended Petition do not require a response.  To the extent a response is required, Scottsdale denies the allegations contained in paragraph XV of the Fourth Amended Petition.

The allegations of the unnumbered prayer for relief following paragraph XV of the Fourth Amended Petition state legal conclusions; therefore no response is required.  To the extent a response is required, Scottsdale denies the allegations of the unnumbered prayer for relief following paragraph XV of the Fourth Amended Petition.

## AFFIRMATIVE DEFENSES

**AND NOW, FURTHER ANSWERING**, Scottsdale asserts the following affirmative defenses to the Original Petition, First Amended Petition, Second Amended Petition, Third Amended Petition and Fourth Amended Petition.  By raising these defenses, Scottsdale does not concede that it has the burden of proof as to any such defense.  Scottsdale reserves the right to supplement, amend, or add affirmative defenses as may be proper based on the pleadings filed and discovery taken in this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Original Petition, First Amended Petition, Second Amended Petition, Third Amended Petition and Fourth Amended Petition should be dismissed to the extent they fail to state a cause(s) of action against Scottsdale upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' action may be barred by Louisiana's law(s) of liberative prescription or any other similar statute of limitations that may apply to this action.

## THIRD AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited to the extent that Plaintiffs' allegations constitute neither "bodily injury" or "property damage" caused by an "occurrence," nor "personal or advertising injury" caused by an offense, during the policy period of any policy issued by Scottsdale.

## FOURTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited by the application of the Contractual Liability Exclusion in any policy issued by Scottsdale.

## FIFTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred to the extent Plaintiffs' claims do not involve an insured or additional insured under any policy issued by Scottsdale.

## SIXTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited based on the application of the Expected or Intended Injury exclusion in any policy issued by Scottsdale.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Scottsdale has any liability under any policy it issued, which Scottsdale specifically denies, such liability is subject to the limitations of liability contained in any policy issued by Scottsdale.

## EIGHTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited based on the Other Insurance and/or Method of Sharing provision(s) in any policy issued by Scottsdale.

## NINTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited to the extent the conditions of the Supplementing Payments provision in any policy issued by Scottsdale have not and/or cannot be satisfied.

## TENTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited to the extent the terms of any Additional Insured, Designated Person or Organization endorsement in any policy issued by Scottsdale are not satisfied.

## ELEVENTH AFFIRMATIVE DEFENSE

Scottsdale avers that coverage may be barred and/or limited based on the application of the Limitation of Coverage to Designated Premises or Project endorsement in any policy issued by Scottsdale.

## TWELFTH AFFIRMATIVE DEFENSE

Scottsdale specifically pleads the warranties, terms, definitions, provisions, conditions, exclusions, and limitations of any insurance policy it issued as if such were set forth in full herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, should be reduced to the extent they failed to minimize, mitigate or avoid any alleged or actual liability or damage.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Original Petition, First Amended Petition, Second Amended Petition, Third Amended Petition and Fourth Amended Petition do not describe the underlying action with sufficient particularity to enable Scottsdale to determine all defenses, which may ultimately exist to Plaintiffs' claim(s).   Scottsdale, therefore, reserves the right to assert additional defenses which may later be discovered to be applicable.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully responded to Plaintiffs' Original Petition, First Amended Petition, Second Amended Petition, Third Amended Petition and Fourth Amended Petition, and having stated its affirmative defenses, Scottsdale prays that a judgment be entered against Plaintiffs:

1.      Denying all relief requested by Plaintiffs and dismissing Plaintiffs' Original Petition, First Amended Petition, Second Amended Petition, Third Amended Petition and Fourth Amended Petition in its entirety, with prejudice;

2.      Declaring that Scottsdale has no obligation to pay Plaintiffs and/or reimburse them for any fees, expenses or costs allegedly incurred in connection with this lawsuit, and that Scottsdale has no other duties, obligations or liabilities to Plaintiffs in connection with this matter;

3.      Declaring that to the extent that Scottsdale has any obligation to Plaintiffs, such duty is limited by and subject to the terms, definitions, provisions, conditions, exclusions, and limitations contained in or incorporated into any policy(ies) issued by Scottsdale to Bray & Gillespie XI, LLC d/b/a Holiday Inn Westbank;

4.      Awarding Scottsdale reasonable costs, expenses and attorney's fees permitted by law and such other relief as the Court deems just and proper; and

5.      Scottsdale demands a trial by jury on all issues so triable.


Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:     */s/ Pablo Gonzalez*
                Jay Russell Sever, (Bar #23935)
                Christopher R. Teske (Bar #27106)
                Pablo Gonzalez, (Bar #29215)
                Canal Place
                365 Canal Street • Suite 2000
                New Orleans, Louisiana 70130-6534
                Telephone: (504) 566-1311
                Telecopier: (504) 568-9130
                Email:  severj@phelps.com
                        teskec@phelps.com
                        pablo.gonzalez@phelps.com

**ATTORNEYS FOR DEFENDANT,**
**SCOTTSDALE INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 28, 2009, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of electronic

filing to the following: Judy Ann Pace, Matthew J. Ungarino, Jay Russell Sever, Christopher R.

Teske, Pablo Gonzalez, Godfrey Bruce Parkerson and Matthew Armin Moeller.

*/s/ Pablo Gonzalez*
Pablo Gonzalez
Louisiana Bar No.: 29215
Attorney for Scottsdale Insurance Company
Phelps Dunbar LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: pablo.gonzalez@phelps.com