```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

FOSKEY ET AL.                             CIVIL ACTION

VERSUS                                    NO: 09-3271

HOLIDAY INN HOTELS AND RESORTS            SECTION: "J"(3)
ET AL.
```

### ORDER AND REASONS

Before the Court are Defendant Response Remediation Services Company ("Response Remediation") **Motion for Summary Judgment (Rec. Doc. 117)** and Defendant Ocean Waters Louisiana Co., LLC ("Ocean Waters") **Opposition (Rec. Doc. 119)**, which Plaintiffs joined.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This case arises from Plaintiff Terry Foskey's alleged injury that occurred when a handicapped shower seat at the Holiday Inn Hotel in Gretna broke away from the wall. Defendant Response Remediation is in the business of mold remediation, asbestos abatement, and build-back services.

### THE PARTIES' ARGUMENTS

Defendant Response Remediation argues that the Court should grant summary judgment in its favor because although it performed work at the Holiday Inn, it had no involvement with the shower seats.

1

Defendant Ocean Waters responds that summary judgment is inappropriate because a genuine issue of material fact exists. Specifically, Defendant Ocean Waters explains that the affidavit of the chief engineer of the hotel, Duane Sanchez, provides that the shower seat in Plaintiffs' room was removed and reinstalled by Response Remediation in the 1990s. Defendant Ocean Waters also points out that Response Remediation's contract included a provision for reinstallment of existing bathroom features.

Plaintiffs join in Defendant Ocean Waters's opposition.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986).

The Court finds that genuine issues of material fact–namely, whether Response Remediation had any involvement with the reinstallation of the shower seat in question–exist and preclude an award of summary judgment at this time.

2

**IT IS ORDERED** that Defendant Response Remediation Services Company ("Response Remediation") **Motion for Summary Judgment (Rec. Doc. 117)** is hereby **DENIED**.

New Orleans, Louisiana, this 15th day of February, 2011.

_____
Carl J. Barbier
U.S. District Judge